IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH PERTZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HEARTLAND REALTY INVESTORS, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-06330-CRB<br><br>**ORDER STRIKING AFFIRMATIVE DEFENSES** |

Heartland Realty Investors' and Heartland Santa Rosa Limited Partnership's (collectively, "Heartland") Answer (dkt. 11) to Sarah Pertz's Complaint (dkt. 1) asserts thirty-two affirmative defenses. All thirty-two are devoid of factual support, and many are not affirmative defenses at all. Pertz's motion to strike Heartland's affirmative defenses is therefore granted. Heartland may amend its Answer to attempt to salvage any defenses struck without prejudice. The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and therefore vacates the hearing currently set for Friday, January 17, 2020.

## I.　LEGAL STANDARD

A party must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny the plaintiff's right to recover, even if the allegations of the complaint are true." FDIC v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640–41 (1980)). In contrast, allegations that plaintiff has not met its burden of proof or which deny liability are not affirmative defenses. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

1   Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings. See Kelly v. Kosuga, 358 U.S. 516, 516 (1959).

The Ninth Circuit has long held that an affirmative defense is adequately plead if it "gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). While the Ninth Circuit has not directly addressed the issue, this Court and the majority of courts in this district have held that the heightened pleading standard of Twombly and Iqbal, which followed Wyshak, is now the correct standard to apply to affirmative defenses.[1] See, e.g., Fishman v. Tiger Natural Gas Inc., No. C 17-05351 WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018); Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013). Accordingly, Heartland's affirmative defenses must contain sufficient factual matter to state a defense "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

When a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. Wyshak, 607 F.2d at 826.

## II. DISCUSSION

Heartland's affirmative defenses do not meet this standard. Not one of the thirty-two affirmative defenses pled in the Answer is supported by factual allegations. See Answer at 9–13. All thirty-two affirmative defenses are stricken as insufficiently pled.

Additionally, Heartland's first, twelfth, twentieth, and thirty-first affirmative defenses are not affirmative defenses at all. As Pertz correctly notes, they "merely contest the sufficiency of the pleading of the complaint." Mot. (dkt. 17) at 9–10; see also Main

---

[1] Kohler v. Flava Enters., Inc., 779 F.3d 1016 (9th Cir. 2015), is not to the contrary. That case confirmed the "fair notice" standard for affirmative defenses, without addressing the applicability of Twombly and Iqbal's heightened pleading standard. See id. at 1019. The Court will therefore follow other decisions in this district that have continued to apply the heightened Twombly/Iqbal standard to affirmative defenses after Kohler. See Fishman, 2018 WL 4468680, at *3.

2

Hurdman, 655 F. Supp. at 262. Heartland's second, eighth, fourteenth, fifteenth, sixteenth, seventeenth, nineteenth, and twenty-seventh affirmative defenses are also not actually affirmative defenses, because they simply deny liability. See Zivkovic, 302 F.3d at 1088. And Heartland's thirty-second affirmative defense is not a defense but a reservation of the right to assert additional affirmative defenses. See Fishman, 2018 WL 4468680, at *7 ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." (internal quotation marks and citations omitted)). Because they are not actually affirmative defenses, these defenses are stricken with prejudice.[2] See J & J Sports Prods. v. Coyne, No. C 10-04206 CRB, 2011 WL 227670, at *2 (N.D. Cal. Jan. 24, 2011).

Because the Court is striking Heartland's affirmative defenses as insufficiently pled or because they are not actually affirmative defenses, it need not address Pertz's alternative argument that some of Heartland's affirmative defenses are inapplicable to the causes of action in this case. Mot. at 12–13. Nonetheless, if Heartland chooses to amend, it should be careful to avoid asserting affirmative defenses which are inapplicable to the Complaint, or otherwise run afoul of Rule 12(f).

### III. CONCLUSION

For the foregoing reasons, the motion to strike Heartland's affirmative defenses is GRANTED. Heartland is granted leave to amend its Answer to attempt to salvage any affirmative defense stricken without prejudice.

**IT IS SO ORDERED.**

Dated: January 8, 2020

CHARLES R. BREYER
United States District Judge

---

[2] All other affirmative defenses are stricken without prejudice.

3