IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH PERTZ,<br><br>    Plaintiff,<br><br>v.<br><br>HEARTLAND REALTY INVESTORS, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-06330-CRB<br><br>**ORDER STRIKING AFFIRMATIVE DEFENSES** |

The Court previously struck thirty-two affirmative defenses asserted in Heartland Realty Investors' and Heartland Santa Rosa Limited Partnership's (collectively, "Heartland") Answer (dkt. 11) to Sarah Pertz's Complaint (dkt. 1). The Court found that all thirty-two defenses lacked factual support and many were not affirmative defenses at all. Order Striking Affirmative Defenses (dkt 23) at 2–3. Heartland's Amended Answer (dkt. 26) asserts eleven affirmative defenses. Id. at 9–10. Once again, Heartland fails to support its affirmative defenses with sufficient factual allegations, and inappropriately attempts to cast allegations denying liability as affirmative defenses. Pertz's Motion to Strike (dkt. 28) is therefore GRANTED, this time with prejudice.

**I. LEGAL STANDARD**

A party must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny the plaintiff's right to recover, even if the allegations of the complaint are true." FDIC v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640–41 (1980)). In contrast, allegations that plaintiff has not met its

burden of proof or which deny liability are not affirmative defenses. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings. See Kelly v. Kosuga, 358 U.S. 516, 516 (1959).

The Ninth Circuit has long held that an affirmative defense is adequately plead if it "gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). While the Ninth Circuit has not directly addressed the issue, this Court and the majority of courts in this district have held that the heightened pleading standard of Twombly and Iqbal, which followed Wyshak, is now the correct standard to apply to affirmative defenses.[1] See, e.g., Order Striking Affirmative Defenses at 2; Fishman v. Tiger Natural Gas Inc., No. C 17-05351 WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018); Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013). Accordingly, Heartland's affirmative defenses must contain sufficient factual matter to state a defense "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## II. DISCUSSION

Once again, Heartland's affirmative defenses fail to meet this standard. None of the eleven affirmative defenses pled in the Amended Answer is supported by sufficient factual allegations. See Amended Answer at 9–10. Indeed, Heartland's third, seventh, and eighth affirmative defenses restate without substantive amendment the ninth, eighteenth, and twenty-first defenses the Court previously held insufficiently pled in Heartland's initial Answer. Compare Amended Answer at 9–10, with Answer at 9–12; see also Order

---

[1] Kohler v. Flava Enters., Inc., 779 F.3d 1016 (9th Cir. 2015), is not to the contrary. That case confirmed the "fair notice" standard for affirmative defenses, without addressing the applicability of Twombly and Iqbal's heightened pleading standard. See id. at 1019. The Court will therefore follow other decisions in this district that have continued to apply the heightened Twombly/Iqbal standard to affirmative defenses after Kohler. See Fishman, 2018 WL 4468680, at *3.

1  Striking Affirmative Defenses at 2.  And as Pertz correctly notes, Heartland has amended
2  its other defenses only by adding "vague, passing references to Cornell Holiday and the
3  Heartland Defendants . . . or to Plaintiff."  Mot. at 8; see also Amended Answer at 9–10.
4  All eleven affirmative defenses are stricken as insufficiently pled.

5  Heartland argues it "cannot plead further facts sufficient to demonstrate a
6  negative—that it did not know or did not do something."  Opp'n (dkt. 33) at 5.  Heartland
7  is apparently attempting to salvage its fourth, fifth, and sixth affirmative defenses, which
8  contest its vicarious liability for wrongs committed by defendant Cornell Holiday.  See id.
9  at 4–6; Amended Answer at 9–10.  But this argument simply proves Pertz's point, that
10 these allegations are not affirmative defenses at all, because they simply deny liability.
11 See Zivkovic, 302 F.3d at 1088; see also Reply (dkt. 34) at 5–7.

12 Because the Court previously granted Heartland leave to amend, and Heartland
13 failed to adequately allege any of its affirmative defenses on a second try, its amended
14 affirmative defenses are stricken with prejudice.  See ABC Distrib., Inc. v. Living
15 Essentials LLC, No. 15-cv-02064 NC, 2016 WL 8114207, at *3 (N.D. Cal. July 27, 2016).
16 It is therefore unnecessary to address Pertz's alternative arguments in favor of her motion
17 to strike.

### III. CONCLUSION

For the foregoing reasons, the motion to strike Heartland's affirmative defenses is
GRANTED, with prejudice.

**IT IS SO ORDERED.**

Dated: March 26, 2020

CHARLES R. BREYER
United States District Judge

3