UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARAH PERTZ,

    Plaintiff,

v.

HEARTLAND REALTY INVESTORS, INC., et al.,

    Defendants.

Case No. 19-cv-06330-CRB (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 35

Plaintiff Sarah Pertz was a tenant at Woodcreek Village. She alleges that Cornell Holiday, a former on-site maintenance supervisor at the apartment complex, entered her apartment without her permission, stole her clothing and masturbated in her bedroom. She sues him and the owner and operator of the complex for sex discrimination. Having been criminally convicted for his conduct, Cornell has not appeared in the litigation. We are here because of discovery disputes concerning Plaintiff's requests for production served on the other Defendants. The Court held a telephonic hearing on March 26, 2020, and now issues this order.

**A.    Possession, Custody or Control**

For every RFP except 9, 13 and 14, Defendants assert some objections and then say that subject to those objections, they will produce all non-privileged documents in their possession, if any exist and are located after a reasonable search. (For RFPs 9, 13 and 14, Defendants say they will produce nothing.) Plaintiff argues that in addition to producing documents in their

possession, they must also produce documents in their custody or control. She's right, and Defendants do not even respond to this argument. Accordingly, for all RFPs as to which Defendants produce documents, the Court orders them to produce documents in their custody or control, in addition to those in their possession.

**B.     Production Deadline**

Rule 34(b)(2)(B) states that "[t]he production must . . . be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Defendants' response does not specify a production deadline. That means the documents were due at the time specified in the request, which was mid-January, although Plaintiff agreed to extend that deadline to the end of January. Defendants are already almost two months late. The Court orders them to complete their production of documents in response to this set of RFPs within 30 days, a deadline both sides said was workable at the hearing.

**C.     Failure to State if Withholding**

Rule 34(b)(2)(C) states that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Plaintiff is right that all of Defendants' RFP responses fail to comply with this requirement. For RFPs 1-8, 10-12 and 15-16, Defendants say they are withholding documents based on their work product and privilege objections, but they don't say if they are withholding based on their other objections. For RFPs 9, 13 and 14, Defendants say they will not produce documents, but they do not specify which objections they are standing on. The Court orders Defendants to revise their discovery responses to fix this problem within 14 days.

**D.     Privacy Objections**

This part of the joint discovery letter brief was frustrating for the Court. Plaintiff's section of the letter brief assumed – rather than showed – that everything sought by RFPs 5, 6, 9 and 13 was relevant and proportional. Then Plaintiff waved away any privacy objections by saying they could all be mitigated by the entry of a protective order. As a result, Plaintiff's section of the letter brief had no substantive discussion of relevance, proportionality or privacy – giving the Court nothing to work with. Further, some of these RFPs seem really broad, at least as written. RFPs 5

2

and 6 seem to request a decade's worth of complaints about anything, no matter how irrelevant to the case. There is no explanation about what is likely to be in Angela Holiday's personnel file (RFP 9) that's relevant to the case. There is no explanation of what a housing payment contract is (RFP 13) or why it has relevant information. For the Court to adequately determine relevance and proportionality, and then to weigh them against privacy interests, the Court needs some analysis from the moving party, which was absent here. At the telephonic hearing, Plaintiff provided some explanation along these lines, but all of that was new information presented at the hearing, which defeats the point of a letter brief. This portion of Plaintiff's motion to compel is denied because the briefing was inadequate to enable the Court to conclude that Defendants should be compelled to produce anything more than what they have agreed to produce. This denial is without prejudice to Plaintiff submitting a joint discovery letter brief that makes a better case for the production of documents.

With respect to RFP 5, the Court orders Defendants to produce all non-privileged documents that pertain to Defendant Cornell Holiday. Defendants may redact Social Security numbers.

**E.     Redactions**

Plaintiff states that "Defendants have indicated that they have produced and will produce documents with redactions of private information. Such redactions are improper." This is another example of an ineffective argument that does not explain anything. What is being redacted? Why is the redaction improper? This aspect of the motion to compel is denied without prejudice.

**F.     Other Documents**

There does not appear to be a dispute as to RFP 8, as Defendants say they will produce. Defendants said in the letter brief and repeated at the hearing that they will produce in response to RFP 14, so that does not appear to be in dispute either.

**G.     Protective Order**

The parties need a protective order in this case, which involves the production of confidential information. The Court orders them to meet and confer and in 14 days file either a jointly proposed protective order, or competing proposed orders and a joint discovery letter brief,

3

not to exceed five pages, presenting each side's arguments.

**IT IS SO ORDERED.**

Dated: March 27, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge