UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SARAH PERTZ,<br><br>  Plaintiff,<br><br> v.<br><br>HEARTLAND REALTY INVESTORS, INC., et al.,<br><br>  Defendants. | Case No. 19-cv-06330-CRB (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 41 |

The parties are unable to agree on a protective order. ECF No. 41. The primary issue in dispute is how long Defendants Heartland Realty Investors, Inc., and Heartland Santa Rosa Limited Partnership's insurer, State Farm, should be allowed to retain confidential documents after disposition of this action. Plaintiff proposes a uniform 90-day period for the parties and their insurers to return or destroy confidential materials following final disposition of this case. *See* ECF No. 41-2 (Plaintiff's proposed protective order) ¶ 13. Defendants propose no specific deadline. *See* ECF No. 41-1 (Defendants' proposed protective order) ¶ 13.2. Defendants' proposed language is as follows:

> 13.2 Disposition by Insurance Carrier. Protected Materials retained by Defendants HEARTLAND REALTY INVESTORS, INC. and HEARTLAND SANTA ROSA LIMITED PARTNERSHIP'S liability carrier, State Farm Insurance Companies, shall be destroyed at the earliest date that permits State Farm Insurance Companies to comply with its retention obligations under applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and State Farm Insurance Companies' business practices for destruction of documents. While such materials are maintained by State Farm Insurance Companies pursuant to this paragraph, such materials shall not be used or disclosed to any third parties unless such use or disclosure is authorized or reasonably required by the Designating Party's written authorization, subpoena, court order, insurance regulation, or statute.

Defendants' language starts out sounding sort of reasonable by referring to "retention obligations under applicable insurance regulations," which sound like a thing an insurance carrier should comply with. But it then veers into things like "any evidentiary hold orders in connection

with other litigation," and "statutory requirements, including applicable statutes of limitations." There's no explanation in the letter brief what other contemplated litigation those things might be referring to, and they sound like boilerplate. And then the language ends with "and State Farm Insurance Companies' business practices for destruction of documents," which just means State Farm will keep the documents for as long as it feels like. Defendants' proposed paragraph 13.2 would effectively let State Farm keep Plaintiff's confidential information forever.

Also, while both sides' proposed protective orders state in identical language in paragraph 7.1 that confidential information may be used "in connection with this case only for prosecuting, defending, or attempting to settle this litigation," Defendants' proposed paragraph 13.2 implies other permitted uses by State Farm, which Plaintiff also opposes. Defendants argue that restricting State Farm's use of Plaintiff's confidential information to this case is "fundamentally incompatible with the pervasive regulatory regime that governs" insurance companies.

That's big rhetoric, as is the claim that state law imposes retention obligations that a 90-day return-or-destroy provision would interfere with. And it turns out there is no substance to the rhetoric. Defendants say these alleged legal requirements can be found in two places: Cal. Ins. Code § 791 et seq. and Cal. Code of Regulations § 2695.3. Defendants don't cite or quote any particular language in either source as specifically requiring retention of confidential information produced in this lawsuit or the use of Plaintiff's confidential information for other purposes; they just gesture broadly in the direction of those two legal authorities. The Court has reviewed Cal. Ins. Code § 791 et seq. and sees nothing in there that would require State Farm to retain confidential information from this lawsuit after final disposition of this case. Nor does the Court see any legal obligation in those statutory provisions that State Farm would be unable to fulfill by limiting the use of Plaintiff's confidential material to the litigation or settlement of this case.

Section 2695.3(a) in the Code of Regulations requires an insurer to maintain documents "in such detail that pertinent events and the dates of the events can be reconstructed and the licensee's actions pertaining to the claim can be determined." To that end insurers shall:

> (1) maintain claim data that are accessible, legible and retrievable for examination so that an insurer shall be able to provide the claim number, line of coverage, date of loss and date of payment of the

> claim, date of acceptance, denial or date closed without payment. This data must be available for all open and closed files for the current year and the four preceding years;
>
> (2) record in the file the date the licensee received, date(s) the licensee processed and date the licensee transmitted or mailed every material and relevant document in the file; and
>
> (3) maintain hard copy files or maintain claim files that are accessible, legible and capable of duplication to hard copy; files shall be maintained for the current year and the preceding four years.

*Id*. (b). That's all information related to the processing of the insurance claim. It doesn't require State Farm to keep confidential documents from a lawsuit after the case is over, or to use Plaintiff's confidential information for purposes other than this lawsuit.

Defendants also say State Farm must maintain Plaintiff's confidential information out of concern for fraud. That argument is entirely unexplained. Further, Defendants argue that "[s]hould the Court adopt Plaintiff's proposed language regarding the destruction of records, Defendants request the scope of the order be modified to not limit the free flow of information between defense counsel and the insurer in this case." Defendants do not point to anything in Plaintiff's proposed order that limits that flow of information. To the contrary, paragraph 7.2(a) in Plaintiff's proposed order allows a receiving party to disclose confidential material to its insurers.

Finally, the Court notes that this return-or-destroy language is in this District's model protective order. It is used in countless cases without incident, including in cases where there is insurance coverage. Defendants have articulated no reason why State Farm cannot live with a standard provision in a typical protective order.

Accordingly, the Court adopts Plaintiff's proposed form of the protective order. The Court orders Plaintiff to submit a proposed protective order within seven days. It should be the same as the one attached as Exhibit B to the letter brief except revised to reflect that Defendants do not stipulate to it; it will simply be entered as an order.

**IT IS SO ORDERED.**

Dated: April 14, 2020

THOMAS S. HIXSON
United States Magistrate Judge

3